SCAMELL, Respondent, v. THE ST. LOUIS TRAN-
SIT COMPANY, Appellant.

St. Louis Court of Appeals, November 3, 1903.

1. **Street Railways:** UNTIMELY STARTING OF CAR: PROXI-
MATE CAUSE OF INJURY. The untimely starting of an open
street car, whereby plaintiff, who was standing between two seats,
and in the act of alighting, was thrown forward and toward an ad-
joining track where he was struck by a passing car, is the proximate
cause of injuries sustained.

2. ————: ————: CONTRIBUTORY NEGLIGENCE. The statement
of plaintiff, who was thrown forward and toward an adjoining track
by the untimely starting of the car from which he was in the act of
alighting, that when he lost his footing he was not looking for a car
on the adjoining track and did not intend to look for one, did not
conclusively show plaintiff guilty of contributory negligence.

3. ————: ————. It is the imperative duty of street railway com-
panies to hold their cars motionless until passengers and persons
taking passage have time to get safely on and off.

Appeal from St. Louis City Circuit Court.—*Hon.
Franklin Ferriss*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, Jones, Jones & Hocker*
and *Geo. W. Easley* for appellant.

(1) The demurrer to the evidence should have
been sustained. (a) No causal connection was shown
between the act of negligence charged and the plain-
tiff's injury. Killian v. Railway, 86 Mo. App. 477;
Lore v. Mfg. Co., 160 Mo. 626; Barrett v. St. Joseph, 53
Mo. 290; Stanly v. Railway, 114 Mo. 606; Waller v.
Railway, 59 Mo. App. 410; Hicks v. Railway, 46 Mo.
App. 304; Reed v. Railway, 50 Mo. App. 504; Brown v.
Railway, 20 Mo. App. 222; Barkley v. Railway, 96 Mo.

367; Mathiason v. Mayer, 90 Mo. 585; Hudson v. Railway, 32 Mo. App. 668. (b) Plaintiff was guilty of contributory negligence in attempting to alight from the south-bound car immediately in front of the north-bound car without looking or listening for its approach. Weber v. Railway, 100 Mo. 204; Kelsey v. Railway, 129 Mo. 362; Jones v. Barnard, 63 Mo. App. 501; Moberly v. Railway, 98 Mo. 183; Sonnenfield v. Railway, 59 Mo. App. 668; Smith v. Railway, 52 Mo. App. 36; Bindlenthal v. Railway, 43 Mo. App. 463; Hickman v. Railway, 47 Mo. App. 65.

.M. D. Mugan and A. R. Taylor for respondent.

There was a strong case made by the evidence for the plaintiff of gross negligence on the part of defendant's servants in starting a car whilst the plaintiff was in the act of alighting, and before he had a reasonable time to do so. And further, before starting the car again, to ascertain whether a passenger is in the act of leaving the car. This is the settled law as laid down by elementary writers. Hutchinson on Passenger Carriers, sec. 612. And the precise point was recently ruled by the Supreme Court in the case of Becker v. Lincoln Real Estate and Building Company, 73 S. W. 583-584, the court reversing the trial court for a failure to recognize this law. Keller v. Railroad, 27 Minn. 178.

GOODE, J.—Action for personal injuries alleged to have been caused by the negligence of defendant's employees in starting one of its cars while plaintiff was in the act of alighting from it. Plaintiff and his mother took passage on a car of defendant company for a trip south on Jefferson avenue in St. Louis, intending to get off at Laclede avenue. As the car was bound south it ran on the west of two tracks which parallel each other. The bell was rung for a stop at Laclede, but according to the testimony the car ran from forty to eighty feet south of the crossing before it stopped. It

was an open car with running boards on both sides but without screen or bar on either side, and passengers were permitted to board and leave it on the side most convenient for them. The seats were long benches extending entirely across the car and plaintiff's mother was seated at the east end of one of the benches and he next to her. When the car stopped his mother arose, stepped on the running board, and, according to the testimony for the plaintiff, had just stepped from the running board to the street when the car started. At that instant the plaintiff, who had arisen to follow his mother, was standing between two seats, with his right hand on an upright stanchion, and was about to step on the footboard, when the sudden start of the car threw him out of it and on the defendant's east track, where he was immediately struck and seriously injured by a northbound car which was dashing by at a rapid speed.

According to the witnesses, the plaintiff was not thrown prostrate by the fall from the car on which he was riding before he was struck by the other car, but was "balanced forward;" that is, with his head leaning southward from the line of his body and his hands upraised in an effort to save himself. In this attitude he was struck by the north-bound car and thrown in the air. Such is the substance of the testimony of the plaintiff himself, his mother and several other eye-witnesses of the accident.

There was contradictory testimony for the defendant to the effect that the plaintiff was standing on the footboard, looking inside the car and talking to some young ladies as the car started, and that he afterwards stepped off and walked several steps to the east track, thus carelessly placing himself in front of the car advancing northward so that he was run against.

The points raised on this appeal make it necessary for us to deal only with the testimony adduced by the plaintiff, which, it is insisted, proves there was no causal connection between the alleged negligence of

the defendant's carmen in starting the car too soon and plaintiff's injury; and likewise, that if there was such connection, it appears that the plaintiff himself was guilty of negligence proximately causing the accident.

The argument against the connection between the untimely starting of the car and the injury to plaintiff is, that the plaintiff intended to step on the east track, to which he was precipitated by the movement of the car, and if he had not been jolted there, would have stepped there and been struck anyhow. A statement of this contention suffices to show its utter barrenness. The testimony shows plaintiff intended to get off the car he was on as soon as his mother was out of the way; but that he intended to step on the east track in front of the approaching car, there is nothing to show, and it would be the wildest assumption to deduce that conclusion as a necessary inference from the facts. Defendant's counsel argues that the two tracks were so close together that plaintiff must necessarily have stepped on the east one and asks us to take cognizance of that fact; but courts take no notice of such facts unless they are in evidence. So far as we are apprised there may have been ample room between the tracks for plaintiff to alight without getting on the eastern one; and, even if there was not, it by no means follows that he would have deliberately stepped on that track when a car was approaching, if he had been able to regulate his movements by his own will.

That contributory negligence is conclusively shown is argued from the statement of the plaintiff himself that when he lost his footing, he was not looking for a car on the east track and did not intend to look for one, but was looking where he meant to step. This statement is said to prove plaintiff meant to step on the east track in front of the coming car without looking. Plaintiff had not yet stepped from the body of the car he was on, to the footboard, and what he meant was that he had his eye on the footboard, where his next

step would take him, at the moment he was thrown out of the car. His words will scarcely bear, and certainly do not require, the interpretation that he intended not only to step on the footboard and then to the ground, but also on the east track and in front of a northbound car without further precaution.

There is no merit in this appeal; for one of the most imperative duties of street railway companies is to hold their cars motionless until passengers and persons taking passage have time to get safely on and off; nor can there be a more flagrant violation of duty than to start a car without giving ample time for this purpose. Such a violation occurred in the present case, according to the testimony of many witnesses; which testimony was for the jury's consideration.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.